# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1040 | **DATE** | 4/1/2011 |
| **CASE TITLE** | Kenneth Gaytan (#19095-424) vs. Jenifer G. Hall, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. The plaintiff is directed to: (1) either submit a renewed, properly completed application to proceed *in forma pauperis* ("IFP") or pay the statutory filing fee; and (2) show good cause in writing why the complaint should not be dismissed on preliminary review as time-barred. Failure to comply with these directives within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank IFP. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, municipal and federal law officers, violated the plaintiff's constitutional rights by conducting an illegal, warrantless raid of his home in 2006.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* ("IFP") must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's IFP petition is not certified, and the plaintiff has failed to include copies of his prison trust fund ledgers.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

In short, if the plaintiff wants to proceed with this lawsuit, he must submit a certified IFP petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from August 14, 2010, through February 14, 2011]. The Clerk will provide the plaintiff with a blank IFP. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

In addition, the plaintiff is ordered to show good cause in writing why the complaint should not be summarily dismissed on preliminary review as untimely. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial screening of prisoner complaints; dismissal is required if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the complaint would seem to fail to state an actionable claim because the plaintiff's claims are time-barred.

The plaintiff failed to bring suit within two years of the incidents giving rise to this action. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. There is likewise a two-year statute of limitations in Illinois for "*Bivens*" actions under 28 U.S.C. § 1331. *See, e.g., Perry v. Dorger*, No. 04 C 4102, 2005 WL 2387684, *2 (N.D. Ill. Sep. 26, 2005) (Plunkett, J.), *citing Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The complaint describes events that allegedly took place on November 8, 2006. Because the plaintiff waited until February 14, 2011, over four years later, to initiate suit, the statute of limitations would appear to have extinguished any cause of action against law enforcement officers.

For the foregoing reasons, the plaintiff is directed to: (1) either submit a renewed, properly completed application to proceed *in forma pauperis* or pay the statutory filing fee; and (2) show cause why the complaint should not be dismissed on preliminary review as time-barred. Failure to comply with these directives within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk will provide the plaintiff with a blank IFP. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.